**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| INFINITY INSURANCE COMPANIES, | : | |
| f/k/a REGAL INSURANCE COMPANY, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | 1:05-CV-64 (WLS) |
| | : | |
| LYNDA COPELAND, JAMES M. | : | |
| COPELAND, GEORGIA DEPARTMENT | : | |
| of COMMUNITY HEALTH, BLUE CROSS | : | |
| BLUE SHIELD of SOUTH CAROLINA, | : | |
| CENTERS for MEDICARE and | : | |
| MEDICAID SERVICES (CMS), MEDICAL | : | |
| REIMBURSEMENTS of AMERICA, LLC, | : | |
| and JOHN DOES 1-50, | : | |
|     Defendants | : | |
| | : | |

**ORDER**

Presently pending before the court is Defendants Lynda and James M. Copeland's Motion to Remand (Doc. 4).

For the following reasons, Defendants' Motion to Remand (Doc. 4) is **DENIED**.

**PROCEDURAL HISTORY and FACTS**

Plaintiff filed an action in the above styled matter in the Superior Court of Ben Hill County, State of Georgia in or about April 1, 2005. (Doc. 1, Exhibit A). On or about April 14, 2005, Defendant Blue Cross received a copy of a Notice of Lawsuit and Request for Waiver of Service of Summons, a Complaint for Interpleader, and a Waiver of Service of Summons for the action pending in Superior Court. (*See* Doc. 1, Exhibit A). In its Complaint for Interpleader, Plaintiff requests that the Court determine which of the Defendants is rightfully entitled to the $25,000 settlements offered to Defendants James M. and Lynda Copeland respectively (collectively, the "Defendants Copeland") for their personal injury claims against Tony James Powell. (Doc. 1). Among the claimants to Plaintiff's proffered settlements is Defendant Blue Cross, who asserts a subrogation claim based on an Employee Retirement Income Security Act ("ERISA") benefits plan. *See* 29 U.S.C. §§ 1001(1), *et. seq.*, 1144(a). (Doc. 1, Exhibit A).

1

Plaintiff perfected service on all defendants. (*See* Doc. 4).  On May 12, 2005, Defendant Blue Cross filed a Notice of Removal (Doc. 1) removing the instant action to this Court pursuant to 28 U.S.C. §§ 1331, 1335, 1441(a)-(c).   Defendants Copeland filed their Motion to Remand on June 14, 2005.  Defendants Copeland filed their answer on June 15, 2004.  *Id*.

## DISCUSSION

Defendants Copeland move the Court pursuant to 28 U.S.C. § 1447(c) for an order remanding the instant action to the Superior Court of Ben Hill County, Georgia on the grounds that Defendant Blue Cross/Blue Shield of South Carolina's ("Defendant Blue Cross") Notice of Removal (Doc. 1) is allegedly procedurally defective in that it fails to sufficiently satisfy the requirements of 28 U.S.C. §§ 1446(a)-(b).  (*See* Doc. 4).

**I.      Procedural Soundness of Defendant Blue Cross' Notice of Removal**

More specifically, Defendants Copeland contend that Defendant Blue Cross' Notice of Removal (Doc. 1) is procedurally defective for three reasons: first, because it allegedly failed to establish consent by the other Defendants for removal; second, because no other Defendant attempted to join Defendant Blue Cross in its notice of removal; and third, because this Court allegedly lacks subject matter jurisdiction over the instant action under Great-West Life & Ann. Ins. Co. v. Knudson, 534 U.S. 204 (2002). (*See* Docs. 5, 6).

In pertinent part, 28 U.S.C. §§ 1446(a)-(b) requires the following of a defendant seeking removal of a case to federal district court:

> A defendant or defendants desiring to remove any civil action...from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action.
>
> The notice...shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

In Russell Corp. v. Am. Home Ins. Co., 264 F.3d 1040 (11th Cir. 2001), the Eleventh Circuit reaffirmed longstanding jurisprudence ordinarily requiring unanimous consent to removal from

all defendants.  *See also*, Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900); *In re* Ocean Marine Mut. Protection and Indem. Ass'n. Ltd., 3 F.3d 353, 355-56 (11th Cir. 1993). However, "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." 28 U.S.C. 1441(c), n. 1; *see also* Rembrant, Inc. v. Phillips Constr. Co., 500 F. Supp 766, 768 (S.D. Ga. 1980).

In the instant case, Defendant Blue Cross' ERISA based claim against Plaintiff's proffered settlement is separate and independent from claims made by remaining Defendants against the same settlement funds.   Additionally, Defendant Blue Cross' subrogation claim is based on and arises out of federal ERISA regulations.  Such claims are under the exclusive jurisdiction of federal district courts and cannot be brought in state courts.  *See* 29 U.S.C. 1132(e).   Furthermore, Defendant Blue Cross' ERISA claim is joined with at least one otherwise non-removable claim, Defendants Copeland's claims against the proffered settlement.  Defendant Blue Cross' Notice of Removal sufficiently meets the procedural requirements established by 28 U.S.C. § 1441(c) and 29 U.S.C. 1132(e).

The instant case may be removed in its entirety notwithstanding Defendant Blue Cross' failure to secure the unanimous consent of the other Defendants.  *See* Rembrant, 500 F. Supp at 768.  Having no need to secure the consent of any of its co-Defendants to authorize removal, it is irrelevant to the determination of the instant motion whether any other Defendants attempted to join Defendant Blue Cross in its notice of removal.  As stated earlier, this Court has exclusive subject matter jurisdiction over ERISA based claims pursuant to 29 U.S.C. 1132(e).   At its own discretion, this Court may determine all issues presented in this case regardless of whether they may have otherwise been subject to its original jurisdiction. 28 U.S.C. 1441(c), n. 1.

The Court so exercises that discretion and **DENIES** Defendants Copeland's Motion for

Remand (Doc. 4) in its entirety.

**II.     Procedural Soundness of Defendants Copeland's Motion for Remand**

The above analysis, notwithstanding, want of unanimous consent to removal is a defect in the removal process, but as such does not automatically require remand of the case to State court. *See* 28 U.S.C. § 1447(c); Russell, 264 F.3d at 1044.   A party seeking remand on this basis must file a motion "within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added).

In the instant case, Defendant Blue Cross filed a notice of removal from the Superior Court of Ben Hill County, State of Georgia to the United States District Court for the Middle District of Georgia, Albany Division. (Doc. 1).   Defendant Blue Cross neither sought nor received the consent of its co-defendants for its removal.   Defendant Blue Cross filed its motion for removal on May 12, 2005.   Defendants Copeland filed their motion to remand on June 14, 2005, *thirty-three* days after the filing of the notice of removal.

The Court, therefore further **DENIES** Defendants Copeland's Motion to Remand (Doc. 4) on this alternate ground as untimely.

## CONCLUSION

For the aforementioned reasons, the Court **DENIES** Defendants Copeland's Motion to Remand.  (Doc. 4).

**SO ORDERED**, this  18th   day of November, 2005.


         /s/W. Louis Sands
        **W. LOUIS SANDS, CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**